UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE (K.B.),<br><br>    Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY, LLC, G6 HOSPITALITY FRANCHISING, LLC, G6 HOSPITALITY IP, LLC, G6 HOSPITALITY PROPERTY, LLC, G6 HOSPITALITY PURCHASING, LLC, MOTEL 6 OPERATING, LP, GAINESVILLE MASTERS, LLC, STUDIO 6 DELK ROAD, LLC,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-2596-SEG |

## **O R D E R**

This case is before the Court on Plaintiff Jane Doe (K.B.)'s first motion for leave to amend. (Doc. 43.) Having carefully considered the parties' positions and applicable law, the Court enters the following order.

### I.    Background

Plaintiff, proceeding anonymously as K.B., brings this lawsuit pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1585, and O.C.G.A. § 51-5-56. Plaintiff contends that she was trafficked for sex as a minor at Motel 6 locations in Marietta, Georgia and Gainesville, Georgia between August and October of 2017. (Doc. 1 ¶ 56–57.)

She alleges that each of the Defendant "G6" entities[1] and Defendant Motel 6 Operating, LP act together as franchisor for the Motel 6 brand (collectively, the "G6 Defendants"). (*Id.* ¶¶ 22–39.) Defendant Gainesville Masters, LLC is allegedly the franchisee of the Gainesville Motel 6, and Defendant Studio 6 Delk Road, LLC is allegedly the franchisee for the Marietta Motel 6 (collectively, the "Franchisee Defendants"). (*Id.* ¶ 62.)

Plaintiff's complaint alleges that Defendants knew or should have known that she was being trafficked at their hotels, and that Defendants participated in a "venture" in violation of the TVPRA. (*See, e.g., id.* ¶¶ 62, 91–100, 120–122.) The complaint further alleges that the G6 Defendants are vicariously liable for the alleged TVPRA violations of the Franchisee Defendants and directly liable for their own TVPRA violations. (*Id.* ¶ 122.) In addition to her TVPRA claims, Plaintiff asserts claims under O.C.G.A. § 51-1-56, which provides a civil cause of action to victims of trafficking.

The G6 Defendants and Defendant Studio 6 Delk Road filed motions to dismiss Plaintiff's complaint.[2] (Doc. 23, 33.) Those motions are fully briefed.

---

[1] The G6 business entities are G6 Hospitality, LLC; G6 Hospitality Franchising, LLC; G6 Hospitality IP, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; and Motel 6 Operating LP.

[2] Defendant Gainesville Masters filed an answer to Plaintiff's complaint. (Doc. 17.)

On January 23, 2024, Plaintiff filed her first motion for leave to amend her complaint. (Doc. 43.) Plaintiff seeks to amend her complaint to allege additional facts in response to the arguments in Defendants' motions to dismiss.[3] The G6 Defendants and Defendant Studio 6 Delk Road, LLC oppose the motion. (Doc. 46, 47.)

## II. Legal Standard

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has stated that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Adver. & Mktg. Grp. Inc. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Additionally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the

---

[3] Plaintiff notes that her proposed amendments also address certain pleading deficiencies that she has identified following a recent order dismissing TVPRA claims against Defendant G6 Hospitality in a different case. *See Doe v. G6 Hosp., LLC,* No. 1:23-CV-2597-TWT, 2023 U.S. Dist. LEXIS 222360 (N.D. Ga. Dec. 14, 2023).

3

complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (emphasis in original) (citation omitted). Under Rule 15(a), a district court need not give leave to amend under three circumstances: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III. Discussion

Plaintiff seeks leave to amend her complaint by adding several factual allegations relating to Defendants' alleged knowledge of and role in her experience as a victim of sex trafficking at their hotels. Defendants oppose Plaintiff's motion for leave to amend on the ground of alleged futility.

Leave to amend a complaint is considered futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). To determine whether amendment would be futile, the Court looks to the applicable legal standards governing Plaintiff's claims under the TVPRA and O.C.G.A. § 51-1-56.

Under the TVPRA, a victim of sex trafficking may bring either (a) a direct civil claim against the perpetrator of her trafficking or (b) a "beneficiary" civil claim against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a). In this case, Plaintiff is not suing her traffickers; instead, she seeks to establish beneficiary liability on Defendants, who she claims knowingly benefited from sex trafficking.

The Eleventh Circuit has interpreted § 1595(a) of the TVPRA as requiring the satisfaction of four elements to establish a civil beneficiary claim. The plaintiff must demonstrate that the defendant:

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021).

Similarly, O.C.G.A. § 51-1-56 provides a civil cause of action to trafficking victims against "a person or entity that knowingly benefits, financially or by receiving anything of value, from participation in a venture or scheme which such person or entity knew or should have known involved a

5

violation of Code Section 16-5-46 [Georgia's prohibition of "Trafficking of persons for labor or sexual servitude"]." "The language of the state law is virtually identical to that of 18 U.S.C. § 1595(a)." *See Doe v. G6 Hosp., LLC,* No. 1:23-CV-2597-TWT, 2023 U.S. Dist. LEXIS 222360, at *24 (N.D. Ga. Dec. 14, 2023).

In their motions to dismiss, the G6 Defendants and Studio 6 Delk Road argued that Plaintiff fails to state a TVPRA claim because she has not plausibly alleged Defendants' knowledge that Plaintiff was trafficked for sex or Defendants' participation in a "venture," as required by the statute. They further argued that (1) Plaintiff fails to state a claim under O.C.G.A. § 51-1-56, and (2) O.C.G.A. § 51-1-56 became effective in 2021 and does not apply retroactively to Plaintiff's alleged trafficking or Defendants' conduct in 2017. The G6 Defendants further argued that Plaintiff failed to allege facts sufficient to plead her vicarious liability theory.

Plaintiff filed her motion for leave to amend in response to Defendants' motion-to-dismiss arguments. Specifically, Plaintiff seeks to add additional allegations regarding: "(1) how G6 Hospitality directly formed a business relationship with traffickers operating at the Motel 6 Marietta and Motel 6 Gainesville; (2) how G6 Hospitality knew or should have known that it was participating in a venture facilitating sex trafficking at the Motel 6 Marietta

6

and Motel 6 Gainesville, including that of K.B.; and (3) the day-to-day control that G6 Hospitality exercised over Franchisees." (Doc. 43-1 at 3–4.)

Defendants contend that Plaintiff's proposed amended complaint cannot satisfy the required elements of a TVPRA claim. The G6 Defendants further argue that the proposed amended complaint fails to plausibly allege that they had an agency relationship with the Franchisee Defendants. And Defendant Studio 6 Delk Road argues that the proposed amended complaint contains no new factual allegations relating to it. Defendants' response briefs do not specifically address O.C.G.A. § 51-1-56, but they reference their arguments in their motions to dismiss, which did discuss the alleged deficiencies in Plaintiff's state-law claims.

Having thoroughly considered the matter, the Court does not, at this stage of the litigation, consider Plaintiff's proposed amendments to be futile. The proposed additions to the complaint directly address arguments that Defendants advanced in their motions to dismiss and generally enhance the factual allegations in the pleading. The proposed amended complaint would, for example, (1) supplement Plaintiff's allegations relating to Defendants' alleged knowledge of her being trafficked for sex at their hotel;[4] (2) develop

---

[4] (*See, e.g.,* Doc. 43-3 ¶¶ 66–69, 90–98, 113–117, 122–135.)

Plaintiff's allegations relating to Defendants' alleged participation in a venture;[5] and (3) reinforce Plaintiff's allegation that G6 Hospitality is vicariously liable for the acts of its franchisees.[6] The proposed amended complaint further contains additional allegations relating to the Franchisee Defendants' alleged knowledge and role in Plaintiff's experience as a sex trafficking victim at their hotels. (*See, e.g.,* Doc. 43-3 ¶¶ 154–157, 167–171.) The Court does not consider these amendments to be facially frivolous. *See United States ex rel. Crutcher v. First Guar. Mortg. Corp.*, No. 1:16-CV-3812-TWT, 2023 U.S. Dist. LEXIS 103974, at *12-13 (N.D. Ga. June 15, 2023) (granting leave to amend over futility objection where proposed amendments "d[id] not appear to be facially frivolous"); *see also* 6 Wright & Miller, Federal Practice and Procedure § 1487 (3d ed. July 2022 update) ("If a proposed amendment is not clearly futile, then denial of leave to amend is improper."). Of course, however, "the granting of the motion to amend does not prevent Defendants from filing a motion to dismiss the complaint as amended." *Masis Staffing Sols., Ltd. Liab. Co. v. Triangle Grp. Co., Ltd. Liab. Co.*, No. 1:22-CV-2754-MHC, 2022 U.S. Dist. LEXIS 245531, at *10 (N.D. Ga. Dec. 9, 2022). Should Defendants file motions to dismiss Plaintiff's amended complaint, they

---

[5] (*See, e.g.,* Doc. 43-3 ¶¶ 93–95, 122–126, 129, 144–145, 150–158.)
[6] (*See, e.g.,* Doc. 43-3 ¶¶ 72, 122–124, 138–139.)

8

may ultimately prevail; but the Court would prefer to make that determination with the benefit of a clear record and full briefing tailored to the particular allegations asserted in the amended complaint.[7]  *See, e.g., Rodriguez v. Imperial Brands PLC*, 2022 U.S. Dist. LEXIS 118731, 2022 WL 2231431, at *6 (S.D. Fla. Mar. 9, 2022) ("Defendants' futility-based objections to the Motion to Amend should be more fully and fairly addressed in the context of any future motions to dismiss that Defendants may file in response to the Second Amended Complaint.").

The Court therefore finds no futility-based bar to amendment.  Because leave to amend should be "freely" given,  Fed. R. Civ. P. 15(a)(2), and this is the first amendment sought by Plaintiff, the Court will grant Plaintiff's motion.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's first motion for leave to amend her complaint (Doc. 43) is **GRANTED**.  The Clerk is **DIRECTED** to docket Plaintiff's proposed first amended complaint (Doc. 43-2), which shall be the operative complaint in this matter.  Defendants' motions to dismiss (Doc. 23, 33) are **DENIED WITHOUT PREJUDICE AS MOOT**.

---

[7] In the event such motions to dismiss are filed, the parties may wish to address recent developments in the case law and how they should be considered here. *See, e.g., K. H. v. Riti, Inc.*, No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024).

**SO ORDERED** this 22nd day of February, 2024.

_____
SARAH E. GERAGHTY
United States District Judge